United States District Court
Southern District of Texas
**ENTERED**
March 02, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Fort Bend County, et al., §
§
Plaintiffs, §
§
versus § Civil Action H-18-1739
§
The United States Army Corps §
of Engineers, et al., §
§
Defendants. §

## Opinion on Dismissal

1. *Background.*

    Fort Bend County, Fort Bend County Drainage District, and Cinco Municipal Utility District No. 1 are political subdivisions upstream and in the fringe of the Barker Reservoir.

    The Addicks and Barker Reservoir and Dams are federal flood control projects in Harris and Fort Bend counties. The reservoirs detain flood-waters. They also include additional land beyond the reservoirs that the federal government has the right to flood. The United States Army Corps of Engineers maintains and operates the reservoirs. A Water Control Manual guides the operations of these reservoirs and attempts to balance managing the flood-waters and project failure.

    The City of Houston rests on a coastal plain 50 miles north of the Gulf of Mexico at Galveston. Ten ordinarily sluggish bayous cut across it as well as its satellite towns. In response to a major flood in the 1930s, the Army Corps of Engineers built these two large retaining dams. These "reservoirs" are catch basins for runoff that would exceed the Buffalo Bayou's drainage capacity if not slowed. In 1935, when the reservoirs were built, the population of Harris County was 292,352. In 2019, it was 4,713,325 – 16 times denser. With those people,

the absorbent open prairie, rice farms, pastures, and woods that drained the basin slowly into Buffalo Bayou and eventually Galveston Bay were substituted for fast draining surfaces such as roof shingles, paved streets, parking lots, and storm sewers – causing the time it took rainfall to ease into the bayou to hasten to hours instead of days.

In August 2017, then-Tropical Storm Harvey dumped nearly 50 inches of rain on Houston – more than double the rain that caused the reservoirs to be built. The surge filled the reservoirs rapidly. In response, the Corps opened the flood gates and released water into Buffalo Bayou. Flood-waters continued to drain into the reservoirs and backed up and flooded federal and private land.

Fort Bend County, Fort Bend County Drainage District, and Cinco Municipal Utility District No. 1 sued for a permanent injunction and declaratory judgment. The United States Army Corps of Engineers has moved to dismiss for lack of jurisdiction and for failure to state a claim. The Corps will prevail.

2.   *Lack of Jurisdiction.*

The plaintiffs argue that they are only suing (a) for a permanent injunction to enjoin the Corps from unconstitutionally impounding future flood-waters on private property and (b) for a declaratory judgment that the Water Control Manual's procedures were defective, the Corps failed to revise the manual and acquire sufficient land within the reservoir, and that Corps' use of private land was illegal.

No matter how artfully the plaintiffs attempt to plead this claim, in its soul, this case is under the Fifth Amendment's Takings Clause. The harm is property damage and related money injuries. The plaintiffs even list in the complaint various examples of property that was damaged, clean up costs, decreases in property value, and decreases in tax revenue. Plaintiffs are not entitled to an equitable remedy because money damages in the form of just compensation are an adequate legal remedy. Blanket statements that damages

are not being sought does not transform this case into something that it is not.

Under the Tucker Act, the Court of Federal Claims has jurisdiction over claims for damages against the federal government that arise under the Constitution, federal statute, or executive regulation.[1] If the claim for damages is greater than $10,000, then the Court of Federal Claim's jurisdiction is exclusive.[2] Considering the consequences that Harvey had in the Houston area, it is clear – even if the court were to consider only the damages the plaintiffs raised in their complaint, the damages exceeded $10,000.

Because the Court of Federal Claims has exclusive jurisdiction, this court lacks jurisdiction in this case.

3.  *Lack of a Mandatory, Non-Discretionary Duty.*

If the court were to accept that the plaintiffs can make a viable claim for equitable relief, their claims would still fail for not stating a claim for which relief can be granted because they cannot show a mandatory, non-discretionary duty that the Corps did not follow.

The plaintiffs claim that the Corps had a duty to buy land or property rights in the fringe areas of the reservoirs to the limit of the maximum design pool. They say that the Corps never requested authorization from Congress to acquire that land. Plaintiffs also argue that the Corps had a duty to adopt procedures in the Water Control Manual that would properly limit the storage of the flood-waters.

The plaintiffs claim that these duties were imposed in Engineer Regulations 1110-2-240, 405-1-12, and 405-2-150, as well as Engineer Technical Letter 110-2-22. They say that these regulations impose a mandatory duty because they include the words 'shall,' 'must,' and 'will.' Yet, this is

---

[1] 28 U.S.C. § 1491.

[2] *Sammons v. United States*, 860 F.3d 296, 299 (5th Cir. 2017).

insufficient. All of the language of a regulation – rather than individual words – must be read to ascertain whether a mandatory duty exists. For example, a regulation saying, "the agency shall make the determination using its discretion," would clearly not be a mandatory, non-discretionary duty even though 'shall' was used.

ER 1100-2-240 says that "water control plans ... shall be developed in concert with all basin interests which may be impacted by or influence project regulation" and that "[t]hese considerations should be addressed by a water control manual."[3] This does not mean – as plaintiffs seem to claim – that all of the interests of certain landowners must be met to their satisfaction. The Corps is expected to balance all of the competing interests in a way that best promotes the public good.

ER 405-1-12, ER 405-2-150, and ETL 110-2-22 say that the Corps "will take an adequate interest in lands" to establish a "reasonable allowance."[4] The determination of what is adequate and reasonable requires the Corps to balance a set of concerns and interests. This analysis is innately discretionary.

In 2017, the Corps was forced to make a choice. It either could let the reservoirs back up and damage some nearby property or open the dam gates to maximum capacity that could have led to critical failure. If the dams were to collapse, three trillion gallons of water would have surged down the bayou flooding homes and offices, and widening the flood way by miles on either side – causing catastrophic damage and loss of life all the way to Galveston Bay.

After the Corps followed the manual by balancing those interests and outcomes, it chose a plan that it believed would best serve the public good. The Corps took two safety measures. First, it retained water that flooded land adjacent to the reservoir that was not controlled by the government. Second, it

---

[3] *Engineering and Design: Water Control Management*, ER 1110-2-240 § 1-5.

[4] *Real Estate Handbook*, ER 405-1-12 § 2-12.

released more water than the expected flood levels. Neither measure was unreasonable under the circumstances. The court will not allow after-the-fact attacks on these tough, but discretionary, decisions in the face of an emergency.

Because the plaintiffs have not identified a non-discretionary duty that the Corps was mandated to follow, their claims fail.

4. *Conclusion.*

Because this court lacks jurisdiction and the plaintiffs have not identified a mandatory, non-discretionary duty, this case will be dismissed with prejudice. Fort Bend County, Fort Bend County Drainage District, and Cinco Municipal Utility District No. 1 will take nothing from The United States Army Corps of Engineers, Lieutenant General Todd T. Semonite, Colonel Lars Zetterstrom, and Richard Long.

Signed on March 1, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge