# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **FORT BEND COUNTY,** *et al.*, <br><br> Plaintiffs; <br><br> v. <br><br> **THE UNITED STATES ARMY CORPS OF ENGINEERS,** *et al.*, <br><br> Defendants. | **Case No. 4:18-CV-1739** |

## JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to the Court's request on May 11, 2023 that the Parties propose a scheduling order for this matter by May 19, 2023, the Parties have conferred and negotiated the following agreed proposal.

This is a case arising under the Administrative Procedure Act (APA). Plaintiffs filed their original Complaint on May 25, 2018, and filed several amendments thereafter. ECF Nos. 1, 5, 10, 19. On December 13, 2019, the United States moved to dismiss Plaintiffs' claims in their third amended Complaint under Rules 12(b)(1) and 12(b)(6). ECF No. 25. On March 21, 2021, the District Court dismissed Plaintiffs' claims. ECF No. 43. Plaintiffs appealed that decision. ECF No. 45. On February 2, 2023, the Fifth Circuit Court of Appeals reversed and remanded the District Court decision for further proceedings consistent with the opinion. ECF No. 53. On March 27, 2023, this case was reassigned from Judge Hughes to Judge Tipton. On May 11, 2023, the Court requested the parties file a joint status report and proposal for a schedule in this matter by May 19, 2023.

As is typical in cases challenging agency action under the APA, the Parties agree that summary judgment merits briefing should follow an initial period in which Defendants provide

1

their administrative record and allow Plaintiffs a period in which to file motions regarding supplementation of the record, whether the Court should consider extra-record evidence, or whether the Court should allow discovery.

Because the case should be resolved on summary judgment based on the Defendants' administrative record and any other evidence permitted under the applicable standards following appropriate motions practice on such additional evidence, the parties do not believe the Court's standing scheduling order form should apply because it anticipates proceedings such as expert reports and pretrial filings which are not necessary in this case. Instead, the Parties here propose an initial schedule for amendment and answering of the Complaint, for lodging the administrative record, and for resolving issues related the administrative record and possible discovery,[1] before the parties propose a schedule for summary judgment briefing. This proposal regarding the schedule related to the administrative record is similar to the schedule entered in another APA matter challenging actions of the U.S. Army Corps of Engineers before the Court. Order, *Indigenous Peoples of the Coastal Bend v. United States*, ECF No. 33, Case No. 21-cv-00161 (Oct. 19, 2021).

At the conclusion of the schedule outlined below, including resolution of any motions regarding the administrative record or completion of any discovery that is allowed, the Parties propose they file a joint schedule for cross-motions for summary judgment, with staggered briefing allowing for an initial summary judgment motion from Plaintiffs followed by a consolidated cross-motion and response from Defendants, and resulting responses and replies thereafter.

---

[1] Although the proposed schedule contemplates that Plaintiffs may seek discovery following the lodging of the administrative record, Defendants do not concede that discovery is appropriate in an APA case and reserve the right to object to any requests for discovery.

Therefore, the parties respectfully request the Court enter the following schedule for this initial period in the case:

(1) <u>July 21, 2023</u>: **Motions for leave to amend pleadings.** Any party seeking leave to amend pleadings after this date must show good cause.

(2) <u>September 19, 2023</u>: **Pleading response deadline.** Defendants' deadline to respond to operative pleading.

(3) <u>November 20, 2023</u>: **Defendants' lodging of administrative record.** Defendants will file a certified list of the contents of the administrative record with the Court and provide a complete copy of the administrative record to the Parties by electronic means. Due to the administrative record's likely voluminous nature, Defendants will transmit the administrative record documents to the Parties on electronic media, such as DVDs, USB drives, or a file-sharing program, rather than in paper form or via ECF.

(4) <u>January 4, 2024</u>: **Requests concerning adequacy of administrative record.** Plaintiffs will identify and communicate to Defendants any issues regarding completeness of the administrative record and/or any requests concerning extra-record evidence. This may include a request for discovery. To the extent Plaintiffs are in possession of such materials, Plaintiffs will reasonably promptly provide Defendants with copies of any materials they seek to include in the administrative record and copies of any materials that they seek to admit as extra-record evidence (regardless of the party that identified the issue). The Parties will attempt in good faith to resolve any issues that are raised.

(5) <u>January 22, 2024</u>: **Corrected certified list of contents of administrative record.** If the Parties reach an agreement on any issues raised under paragraph (4), Defendants will file a corrected certified list of the contents of the administrative record with the Court and provide a complete copy of the administrative record to the Parties by electronic means in the same manner described in paragraph (3).

(6) <u>February 21, 2024</u>: **Deadline to file motions concerning adequacy of administrative record, motions to consider extra record evidence, and motions to take discovery; or if no motions are to be filed, the deadline by which to jointly propose next steps in the case, including a briefing schedule.** For any motions, the submission date, response deadline, and reply deadline will proceed under Judge Tipton's Court Procedure 15(e). After the resolution of any motion practice or conclusion of any discovery, whichever is later, the Parties, will jointly propose a schedule for next steps in the case, including a proposed briefing schedule and proposed method of transmission of the administrative record to the Court.

For all these reasons, the Parties respectfully request the Court enter a scheduling order consistent with this proposal. A proposed order is submitted herewith.

Respectfully submitted this 19th day of May, 2023.

                                        Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General
                                        United States Department of Justice
                                        Environment and Natural Resources Division

/s Laura W. Duncan
LAURA W. DUNCAN
United States Department of Justice
Environment and Natural Resources Division
c/o USACE Galveston District Office of Counsel
2000 Fort Point Road, Room 321
Galveston, Texas 77550
Telephone: (202) 598-1114
Email: Laura.Duncan@usdoj.gov

*Attorney of Record for the United States*

/s/ Keith W. Lapeze

Keith W. Lapeze
Attorney-In-Charge
State Bar No. 24010176
TXSD No. 24437
keith@allawgp.com
601 Sawyer Street, Suite 650
Houston, Texas 77007
Telephone: (713) 739-1010
Facsimile: (713) 739-1015

*Attorney of Record for Plaintiffs*

**OF COUNSEL FOR PLAINTIFFS:**

**THE AL LAW GROUP, PLLC**
David Tuckfield
State Bar. No. 00795996
TXSD No. 3041118
david@allawgp.com
12400 Highway 71 West
Suite 350-150
Austin, Texas 78738
Telephone: (512) 576-2481
Facsimile: (512) 366-9949

Eric B. Storm
State Bar No. 24033244
TXSD No. 582319
eric@allawgp.com
11420 Bee Caves Road, Suite A-100
Austin, Texas 78738
Telephone: (512) 593-1881
Facsimile: (512) 276-6677

Taylor Shipman
State Bar No. 24079323
taylor@lapezejohns.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of May 2023, I filed the foregoing using the United States District Court CM/ECF which caused all counsel of record to be served electronically.

/s/ *Laura W. Duncan*

Laura W. Duncan
Attorney for Defendants